## WADENA CRACKER COMPANY v. HENRY L. GAYLORD.[1]

October 21, 1904.

Nos. 14,020—(86).

**Justice of the Peace.**

A change of venue in an action brought before a village justice of the peace should, under chapter 151, p. 285, Laws 1897, be made to a justice of the peace of the same village, or to a justice of a town adjoining the village; not to a justice of a town adjoining the town in which the village is located.

**Change of Venue to Adjoining Town.**

The town within which the village is located is an adjoining town within the meaning of the statute.

Appeal by plaintiff from a judgment of the district court for Polk county, entered pursuant to the findings and order of Watts, J. Affirmed.

*G. F. Cashman,* for appellant.

*L. E. Gossman,* for respondent.

BROWN, J.

This action was brought before a justice of the peace of the village of Fertile. On the return day of the summons the parties appeared, joined issue, and defendant filed an affidavit for a change of venue, which was granted by the justice. The action was transferred to another justice, before whom plaintiff appeared, and was granted a judgment, defendant not appearing. Defendant appealed to the district court on questions of law alone. The district court reversed the judgment of the justice, and plaintiff appealed to this court.

The only question requiring consideration is whether the justice to whom the case was transferred acquired jurisdiction. The village of Fertile, in which the justice issuing the summons resided, is situated within the town of Godfrey. The justice to whom the cause was transferred resided in the town of Garfield, a town adjoining Godfrey, but not adjoining the village of Fertile. We are of the opinion that the

[1] Reported in 101 N. W. 72.

transfer of the action to the justice of the town of Garfield was unauthorized by statute, and that no jurisdiction was conferred upon the justice to whom it was transferred.

The question is controlled by chapter 151, p. 285, Laws 1897, which provides that:

> In all actions brought before any village justices in this state a change of venue shall be granted upon the same terms and conditions as are provided by law for change of venue before town justices of the peace, and such venue may be changed to another justice in the same town or village, or to a justice of an adjoining town.

This statute is loosely worded, but will bear but one construction, and that to the effect that a change of venue from a village justice of the peace should be made to a justice of the same village, or to the justice of an adjoining town; not to a justice of a town adjoining the town in which the village is situated, but of a town adjoining the village; and, the town within which the village is located would be, within the meaning of the statute, an adjoining town, the organization of each being wholly separate and independent. A transfer may be made to any town adjoining the territorial limits of the village. Chapter 136, p. 272, Laws 1897, which counsel for plaintiff insists should be construed in connection with chapter 151, supra, relates to transfers generally from one justice to another; while chapter 151 relates exclusively to transfers from village justices of the peace. The two statutes are not in conflict, and it is unnecessary to construe them together. The learned trial court was right in holding that the transfer of the cause to the justice of the town of Garfield was unauthorized, and conferred no jurisdiction upon him.

The judgment appealed from is affirmed.